No. 25-70009

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**Matthew Lee Johnson,**
Plaintiff-Appellant

v.

**Bryan Collier, Executive Director, Texas Department of
Criminal Justice; Eric Guerrero, Director, Texas Department of
Criminal Justice, Correctional Institutions Division; Kelly
Strong, Warden, Texas Department of Criminal Justice,
Huntsville Unit, Huntsville, Texas,**
Defendants-Appellees

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civ. No. 4:25-cv-02066

_____

**PLAINTIFF-APPELLANT'S BRIEF**

_____

Mr. Johnson is scheduled to be executed on May 20, 2025.

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (832) 842-4671
Email ddow@central.uh.edu

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (832) 842-4671
Email jrnewber@central.uh.edu

**MATTHEW LEE JOHNSON,**

**Plaintiff-Appellant**

**v.    No. 25-70009**

**BRYAN COLLIER, EXECUTIVE DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE; ERIC GUERRERO, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION; KELLY STRONG, WARDEN, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, HUNTSVILLE UNIT, HUNTSVILLE, TEXAS,**

**Defendants-Appellees**

The undersigned counsel of record certifies that the following listed persons and entities as described by Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal.

1.    Plaintiff-Appellant

   Matthew Lee Johnson
   TDCJ-ID (Death Row)
   Livingston, Texas

2.    Counsel for Plaintiff-Appellant

   David R. Dow

Jeffrey R. Newberry
University of Houston Law Center

3.    Defendants-Appellees

Bryan Collier
Executive Director
Texas Department of Criminal Justice

Eric Guerrero
Director, Correctional Institutions Division
Texas Department of Criminal Justice

Kelly Strong
Warden, Huntsville Unit
Texas Department of Criminal Justice

4.    Counsel for Defendants-Appellees

Stephen Hoffman
Criminal Appeals Division
Office of the Attorney General of Texas

/s/ Jeffrey R. Newberry
_____
Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (832) 842-4671

*Counsel for Matthew Lee Johnson,*
*Plaintiff-Appellant*

# STATEMENT REGARDING ORAL ARGUMENT

Plaintiff-Appellant Matthew Lee Johnson does not believe oral argument is needed to address the central issue presented in this appeal: namely, whether the district court erred in denying Johnson's motion for stay of execution because the court believed Johnson had failed to demonstrate he was likely to prevail on the merits of either his due process or equal protection claim. Johnson believes that the Complaint and attached exhibits made this required showing without need of further argument. However, should the Court desire to hear argument, Counsel would, of course, be happy to abide by this Court's wishes.

No. 25-70009

_____

IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

**MATTHEW LEE JOHNSON,**
Plaintiff-Appellant

v.

**BRYAN COLLIER, et al.,**
Defendants-Appellees

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civ. No. 4:25-cv-02066

_____

**PLAINTIFF-APPELLANT'S BRIEF**

_____

**Mr. Johnson is scheduled to be executed on May 20, 2025.**

## I.    Introduction

While Johnson's Complaint was being litigated in the district

court, on May 12, 2025, the AG's office filed a letter in the case of *State*

*v. Flores*, No. F-9802133-N (195th Dist. Ct., Dallas County, Tex. May

12, 2025), that is virtually identical to the October 2 Letter at issue in

this proceeding. *Compare* May 12, 2025, Letter from Tomee M. Heining, *State v. Flores*, No. F-9802133-N (195th Dist. Ct., Dallas County, Tex. May 12, 2025)[1] *with* ROA.49-50. Both documents were filed in a proceeding in which neither the filing attorney nor any other attorney in the AG's Office was authorized to intervene. Both documents, at a minimum, suggest the trial court should enter an execution date. Both documents contain an offer made by the filing attorney to represent the State's interest in any proceeding initiated after a date was set, though no provision of Texas law would permit the filing attorney (or any other attorney at the AG's Office) to do so.

Counsel believe the *Flores* letter to be the sixth letter similar to the letter at issue in this proceeding:

1. June 6, 2022, Letter from Edward L. Marshall, *State v. Ruiz*, F07-50318-M (194th Dist. Ct., Dallas County, Tex. June 6, 2022).

---

[1] Counsel have appended the May 12 Flores letter along with the other letters referenced in this introduction to this Brief. Of these six, only the Green and Johnson letters are contained in the record on appeal. *See* ROA.49-50, 264. Beyond this introduction, Counsel mentions only the Green, Ruiz, and Johnson letters. The Ruiz Letter is identical in all pertinent respects to the Green Letter. Counsel believe only the Green and Johnson Letters, both included in the record on appeal, are necessary to Plaintiff's argument.

2. June 20, 2022, Letter from Edward L. Marshall, *State v. Green*, F09-59380-S (282nd Dist. Ct., Dallas County, Tex. June 20, 2022), ROA.264.

3. July 8, 2022, Letter from Edward L. Marshall, *State v. Murphy*, F01-00328-T (283rd Dist. Ct., Dallas County, Tex. July 8, 2022).

4. Aug. 15, 2024, Letter from Edward L. Marshall, *State v. Murphy*, F01-00328-T (283rd Dist. Ct., Dallas County, Tex. Aug. 15, 2024).

5. Oct. 2, 2024, Letter from Edward L. Marshall, *State v. Johnson*, F12-23749-W (363rd Dist. Ct., Dallas County, Tex. Oct. 2, 2024), ROA.49-50.

6. May 12, 2025, Letter from Tomee M. Heining, *State v. Flores*, No. F-9802133-N (195th Dist. Ct., Dallas County, Tex. May 12, 2025).

Counsel does not believe the AG's Office has filed any such letter, in a proceeding in which it was not authorized to represent the State's interest, in any county other than Dallas County.[2] None of these letters were filed before 2022.

---

[2] When Counsel filed Petitioner-Appellant's Reply in the district court on May 12, Counsel mistakenly believed that the AG's Office had filed a similar letter in the case of David Wood out of El Paso County. ROA.483 & n.1. Counsel have since learned that the AG's Office was appointed to act as attorney pro tem in that case. Accordingly, the AG's Office had authority to file in the case and suggest the court should enter an execution date, making Wood analogous to the cases

In the first two letters, i.e., the *Ruiz* and *Green* letters, the AG's Office indicated that a Dallas County Assistant District Attorney had contacted the trial court through its Chief Judicial Staff Counsel about the time being appropriate for the court to schedule the defendant to be executed. ROA.264; *Ruiz, supra*. The letters indicate they were being sent to the court in response to a request from the ADA and the trial court's counsel for additional information. ROA.264; *Ruiz, supra*. The June 17, 2022, Order scheduling Wesley Ruiz's execution and the July 26, 2022, Order scheduling Gary Green's execution each make clear that the trial court in each case was acting in response to the ADA's email to the court's Chief Judicial Staff Counsel. Order, *State v. Ruiz*, F07-50318-M (194th Dist. Ct., Dallas County, Tex. June 17, 2022); ROA.262-263.[3]

---

identified in pleadings which Counsel included as Exhibit 9 of Petitioner's Complaint. ROA.293-314.

[3] For reasons discussed in greater detail below, Counsel believe the letters at issue in *Green* and *Ruiz* are problematic in that the Attorney General's Office offered to represent the State's interest in any subsequent proceeding when there is nothing that suggests the DA's Office asked the AG's Office to represent the State's interest in any subsequent proceeding. As Counsel noted in Petitioner's Complaint, because Counsel cannot know for sure whether the DA's Office made such a request in Green's case, Counsel cannot be certain the AG's Office was not authorized to act in the case. ROA.28-29 nn. 11-12. However, Counsel do not believe these letters to be as violative of Green's and Ruiz's Fourteenth Amendment Rights as the later letters (including the one at issue in this case) because the trial court's decision to

The remaining letters of which Counsel are aware (i.e., the July 18, 2022, Murphy Letter; August 15, 2024, Murphy Letter; October 2, 2024, Johnson Letter; and the May 12, 2025, Flores Letter) are markedly different from the first two: none of these later letters indicates any person from the DA's Office had previously suggested to the trial court that it should schedule the defendant's execution or that the Chief Judicial Staff Counsel had requested the AG's office provide the court with information. Of these four letters, only the AG Office's October 2, 2024, Johnson Letter resulted in an execution's being scheduled and that order, ROA.47-48, does not make mention of any prior communication with any member of the DA's Office as the *Green* and *Ruiz* orders do. Moreover, because the trial court made all its emails to the parties and the AG's Office a part of the records of this case, we know that the trial court did not directly[4] request that the AG's Office provide it with any information. *See* ROA.60-79.

---

set a date was in response to an email to the court (through its counsel) from a member of the DA's Office, and the AG's letter was sent in response to a request from the court's counsel and the ADA for information.

[4] Counsel's diligent efforts to obtain email communications relevant to the scheduling of Mr. Johnson's execution have not yet led to Counsel's having obtained any email communications from or to the Dallas County Chief Judicial Staff

Unlike the *Green* and *Ruiz* letters, the more recent letters (including the AG's October 2 Letter at issue in this proceeding) reveal that the AG's office decided to bypass the District Attorney's Office and suggest, on its own, that it was time to for the trial court to schedule an execution. The AG's Office did not answer a request for information, as appears to have happened in *Green* and *Ruiz*, but instead provided the apparently unsolicited information to the court in an attempt to advance what it perceived to be the State's interests.

The district court's May 13, 2025, decision denying Johnson's Motion for Stay of Execution, ROA.419-421, and dismissing his Complaint, ROA.1-410, with prejudice was based primarily on the district court's belief that Johnson had failed to demonstrate he was likely to succeed on the merits of either of the claims raised in his Complaint. *See* ROA.602-608. Chiefly, the district court found that Johnson could not show a likelihood of success on his due process claim because the district court found that:

---

Counsel. *See infra* note 9. For that reason, Counsel cannot know for certain whether the court, through its counsel, requested information from the AG's Office.

1. Texas "law does not specifically require a death warrant only to originate with a motion from the County's District Attorney's Office or the convicting court itself";

2. The AG's October 2 Letter consisted not of a request for an execution day but only information which might be helpful to the court; and

3. Johnson has not identified any protected liberty interest.

ROA.602-606.

With respect to Plaintiff-Appellant's Equal Protection Claim, the district court found that Johnson had not demonstrated a likely success on the merits of his claim because he had not demonstrated he was treated differently than others similarly situated. ROA.607.

Counsel respectfully suggest that the district court erred. Pursuant to Article II, Section 1 of the Texas Constitution, Johnson has a right to have his sentence carried out in a way that does not violate the State's separation of powers doctrine. Article V, Section 21 of the Texas Constitution makes clear that only the district attorney's office was authorized to represent the State's interests in the scheduling of Johnson's execution date. While the trial court can certainly ask various

officials for information when determining whether to schedule an execution or on what day to schedule an execution (as appears to have happened in *Green* and *Ruiz*), nothing in the record suggests that is what happened in this proceeding. Finally, with respect to Johnson's equal protection claim, Johnson has demonstrated that because his execution was scheduled in a manner that violated the separation of powers provision of the Texas Constitution, if he is ultimately executed pursuant to that order, he will have been treated differently than similarly situated Dallas County defendants.

## II.     Statement of Jurisdiction

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1343, 1651, 2201, and 2202, and under 42 U.S.C. § 1983. This Court has jurisdiction under 28 U.S.C. §§ 1291 and 1631. The district court issued its order denying Johnson's motion for stay of execution and dismissing his appeal with prejudice on May 14, 2024. ROA.593-609.

## III.    Statement of the Legal Issues

Plaintiff-Appellant Matthew Lee Johnson is currently confined on death row at the Polunsky Unit in Livingston, Texas. Through Undersigned Counsel and pursuant to 42 U.S.C. § 1983, Johnson raises

the following issues: whether his complaint demonstrated he was likely to succeed on the merits of his claims that the way in which Texas law was construed in his case violates his right to due process and, in so doing, treated him differently than similarly situated persons, thereby violating his right to equal protection under the law.

## IV. Statement of the Case

On October 30, 2013, Matthew Lee Johnson was convicted of capital murder in the 363rd Judicial District in Dallas County. 46 R.R. 69.[5] As required by statute, attorneys from the Dallas County District Attorney's Office represented the State's interest at trial. *See* Tex. Const. art. V, § 21; Tex. Gov't Code § 44.157(a). After the jury answered the special issues submitted to it pursuant to Article 37.071 of the Texas Code of Criminal Procedure, Judge Tracy Holmes set Johnson's punishment at death.[6] 53 R.R. 7-8; 14 C.R. 4526. Johnson's conviction

---

[5] Citations to the Reporter's Record of Johnson's 2013 capital murder trial appear herein as [volume number] R.R. [page number].

[6] The first question, which all juries charged with determining whether a defendant should be sentenced to death must answer is "whether there is a probability that the defendant would commit criminal acts of violence that would constitute a continuing threat to society." Tex. Code Crim. Proc. art. 37.701, § (2)(b)(1). If, and only if, the jurors unanimously answer "yes" to the first question (commonly referred to as the "future dangerousness" question), do they then proceed to answer the second question, which is "[w]hether, taking into consideration all of the evidence, including the circumstances of the offense, the

and sentenced were affirmed by the Texas Court of Criminal Appeals ("CCA") on direct appeal on November 18, 2015. *Johnson v. State*, No. AP-77,030, 2015 WL 7354609 (Tex. Crim. App. Nov. 18, 2015). By February 20, 2024, Johnson's state and federal habeas litigation was concluded. *See Ex parte Johnson*, No. WR-86,571-01 (Tex. Crim. App. Sept. 11, 2019); *Johnson v. Lumpkin*, 144 S. Ct. 829 (2024).

On October 2, 2024, Edward Marshall, then-Chief of the Criminal Appeals Division of the Texas Attorney General's Office filed a letter in the trial court, in which the Marshall: 1) suggested the trial court should schedule Mr. Johnson to be executed on any of seven dates the Attorney General's Office indicated were "currently available"; and 2) offered to represent the State in any subsequent litigation should the trial court heed his suggestion. ROA.49-50. On October 3, 2024, Undersigned Counsel filed a response urging the trial court take no action in response to the Attorney General's Office's attempted

---

defendant's character and background, and the personal moral culpability of the defendant, there is a sufficient mitigating circumstance or circumstances to warrant that a sentence of life imprisonment without parole rather than a death sentence be imposed." *Id.* art. 37.071, § 2(e)(1). If the jurors unanimously answer the mitigation question "no," then the defendant is sentenced to death by operation of law. *Id.* art. 37.071, § 2(g).

intervention and refrain from entering an order scheduling Johnson's execution. ROA.52-57.

On October 30, 2024, Judge Holmes, via email, "acknowledge[d] receipt of the Attorney General's letter regarding scheduling the execution date in the State v. Matthew Johnson," and announced the court's intent to move forward in selecting a date for execution. ROA.63.[7] Judge Holmes wrote: "The proposed dates suggested by the Attorney General's office have been noted, and I invite both parties to provide any further input on these or alternative dates before the Court

---

[7] On March 10, 2025, Counsel sent a request for email communications either to or from Judge Holmes related to the scheduling of Mr. Johnson's execution, including communications between the court and the AG's office, the DA's office, and the Chief Judicial Staff Counsel to Presiding Criminal District Judge Audra Riley. On March 27, 2025, in response to an email from Undersigned Counsel requesting an update on the status of the request, Judge Riley informed Counsel that the request had been received and that the court was working to complete the request. Apparently, on March 28, 2025, Judge Holmes ordered the clerk to file email communications between the court and the parties and the Attorney General's office as case records. Counsel included the court's March 28 Order along with the emails filed pursuant to the Order as Exhibit 4 to Johnson's Complaint, ROA.60-79.

Counsel received these documents on April 7, 2025, when Presiding Judge Riley emailed them to Counsel. The text of Judge Riley's email informed Counsel that it is her belief that any and all email communications between the trial court and Chief Judicial Counsel are privileged and undiscoverable pursuant to Rule 12. Counsel have appealed Judge Riley's decision. Counsel included Judge Riley's April 7, 2025, email to Counsel as Exhibit 5 of Johnson's Complaint, ROA.80-83.

makes its final determination." *Id.* The court indicated the parties should respond by November 30. *Id.*

On November 22, 2024, Counsel for Defendants (then-deputy and now-Chief of the Criminal Appeals Division of the Attorney General's Office) replied, offering her feedback on the suggested execution dates. ROA.66. On November 25, the trial court replied to the AAG (without copying Counsel or anyone from the DA's office on the email). *Id.* On that date, the trial court informed the AAG that she had not yet "heard from the parties," but that she intended to schedule Mr. Johnson to be executed on April 8 if the parties did not respond. *Id.*

Undersigned Counsel responded on November 30 and informed the court that, consistent with Johnson's October 3 response, Counsel continued to believe the AG's office did not possess the authority to represent the State's interest in requesting an execution date be set and informed the court of their intent to litigate the issue of the Attorney General's intermeddling. ROA.77. Counsel wrote that if the court nevertheless decided to schedule Johnson to be executed pursuant to the AG's letter, of the dates suggested by the AG, they would prefer

May 20 to the other suggested dates. *Id.* On January 20, 2025, Judge

Holmes scheduled Johnson's execution for May 20, 2025. ROA.47-48.

So that the state courts could first address the Due Process and

Equal Protection violations at issue in this Complaint, on April 14,

Johnson filed a motion for leave to file a petition for a writ of

mandamus in the CCA on April 14. ROA.85-88. In the proposed

petition, which Counsel attached as an exhibit to the motion for leave,

Counsel argued to the CCA that if that court did not stay Johnson's

execution or order the trial court to withdraw the order scheduling

Johnson's execution, and instead allowed Johnson's execution to

proceed as scheduled on May 20, then the CCA's decision would result

in a violation of Johnson's rights pursuant to the Fourteenth

Amendment's Due Process and Equal Protection Clauses. ROA.118-128.

On April 28, the CCA denied Johnson leave to file his petition for writ of

mandamus. ROA.292. Accordingly, after first attempting to give the

state an opportunity to address this issue, Johnson filed his Complaint

pursuant to 42 U.S.C. § 1983 in the district court on May 7, 2025.

ROA.1. Contemporaneously with the Complaint, Johnson filed a motion

requesting the district court stay his execution scheduled for May 20,

2025, after 6 o'clock pm. ROA.419-421. On May 14, the district court issued its order denying Johnson's Motion for Stay of Execution and dismissing his Complaint with prejudice. ROA.593-609.

## V.    Argument

### A.    The trial court erred in finding Johnson was not likely to prevail on the merits of his due process claim.

#### 1.    Like any other order, an order scheduling an inmate's execution can only be entered in one of two ways: either in response to a motion (or some other request), or by the court acting sua sponte. If in response to a motion or (or some other request), Texas law makes clear that only the DA's Office can make that request.

While Article 43.141 of the Code of Criminal Procedure does not specify who can request a trial court enter an execution date, Article V, Section 21 of the Texas Constitution could not be any clearer that, absent being asked to do so by the District Attorney's Office (and preferably deputized for that purpose) or being appointed to serve as attorney pro tem, only the District Attorney can request an execution date be scheduled, because only the District Attorney is authorized to represent the State's interests in the state trial court. Tex. Const. Art. V, § 21; Tex. Const. art. II, § 1; Tex. Gov't Code 44.157; *State v.*

*Stephens*, 663 S.W.3d 45, 56 (Tex. Crim. App. 2021) ("the Attorney General lacks constitutional authority to independently prosecute a crime in a district or inferior court without the consent of the appropriate local county or district attorney by a deputization order").

The Texas Legislature has further provided that "[t]he criminal district attorney of Dallas County . . . has *exclusive* control of criminal cases and all cases heard on habeas corpus in the courts of Dallas County," and that "[n]o other person may perform a duty of the criminal district attorney . . . unless the criminal district attorney and his assistants are absent from the county or refuse or are unable to perform the duty." Tex. Gov't Code § 44.157 (emphasis added).

Article II, Section 1 of the Texas Constitution makes clear that (absent being asked to do so or being appointed to serve as attorney pro tem) that no member of the Office of the Attorney General (which is a part of the executive branch) can exercise any power properly attached to the District Attorney's Office (which is a part of the judicial branch). *See* Tex. Const. art. II, § 1.

While the trial courts in *Green* and *Ruiz* appear to have asked for and received information from the Attorney General's office, the

relevant execution orders in those cases make clear that those courts entered their orders in response to a communication from the DA's Office. Those communications (each of which informed the respective trial court that there were no obstacles to setting an execution date and suggested it was appropriate to schedule the defendant's execution) clearly advanced the State's interest in the case. *See* ROA.261. Because the communication was made by a member of the office with the authority to do just that, i.e., the DA's office, those trial courts did not err in deciding to schedule an execution in response to the communications.

The AG's October 2, 2024, Letter at issue in this case does not indicate that there had been any prior contact between the DA's Office and the trial court. *See* ROA.49-50. Unlike the *Green* and *Ruiz* orders scheduling executions, the order at issue in this case makes no mention of acting in response to a request from the DA's office. *Compar*e ROA.47-48 *with* ROA.261 *and Ruiz, supra.* Instead, the court's own October 30, 2024, email seems to indicate the AG's October 2 Letter was the first communication the court had received about scheduling an execution date and that the court had not previously considered

scheduling Johnson's execution. *See* ROA.67. The October 2 Letter did

much more than provide apparently unsolicited information about what

dates were available for an execution; it led to the Court to consider,

apparently for the first time, whether it should schedule Johnson's

execution at that time. *See id.* Regardless of whether it was called a

motion or a letter, the effect of the AG's October 2 Letter was the same

as communications between the trial court's counsel and the DA's office

that proceeded the AG's letters in *Green* and *Ruiz*. Pursuant to the

separation of powers doctrine, of these two, only the DA's office

possessed the authority to send this type of communication.

> **2.     Johnson has an interest, created by state law, in
> not being executed pursuant to a process that
> violates the State's separation of powers
> doctrine.**

As explained above, the doctrine of the separation of powers is

codified in the Texas Constitution. Pursuant to article 2, section 1 of the

Texas Constitution:

> The powers of the Government of the State of Texas shall be
> divided into three distinct departments, each of which shall
> be confided to a separate body of magistracy, to wit:  those
> which are Legislative to one, those which are Executive to
> another, and those which are Judicial to another, and no
> person or collection of persons, being of one of these
> departments, shall exercise any power properly attached to

either of the others, except in the instances herein expressly permitted.

Tex. Const. art. II, § 1.

The CCA's opinion in *State v. Stephens* makes clear that if the Attorney General's Office plays an impermissible role in a criminal matter the separation of powers doctrine provides a mechanism by which the defendant can challenge his conviction and confinement. *See Stephens*, 663 S.W.3d at 47 (reversing the defendant's conviction and instructing the trial court to dismiss the indictment because the statute under which the defendant was charged allowed the Attorney General's Office to prosecute a case when the power to do that is reserved for the county and district attorneys).

A "state-created right can, in some circumstances, beget yet other rights to procedures essential to the realization of the parent right." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 63 (2009) (quoting *Conn. Bd. of Pardons, v. Dumschat*, 452 U.S. 458, 463 (1981)). Once a right comes into existence, it triggers due process protection. *See Dumschat*, 452 U.S. at 463.

Unlike the Texas Constitution, the United States Constitution does not expressly invoke the separation of powers doctrine. Even so,

**B.    The trial court erred in finding Johnson was not likely to prevail on the merits of his equal protection claim.**

The Equal Protection Clause requires Johnson be treated the same as those "similarly situated." In this case, that includes other individuals in Dallas County whose executions have been scheduled (and possibly also carried out) as well as those who are eligible to receive an execution date (because their federal habeas proceedings have concluded), but for whom no order scheduling an execution has been entered.

Dallas County voters elected Judge Holmes in 2006. During her re-election campaign in 2014, an endorsement from the Dallas Morning News seems to indicate that that paper's endorsement was, at least in part, based on the fact that her primary opponent "strongly support[ed] the death penalty."[8] In 2018, Dallas County voters elected District Attorney John Creuzot, and since assuming office, he has not sought the death penalty in any new capital murder case.[9] In 2021, Creuzot was a

---

[8] *See Editorial: We recommend Holmes in 363rd primary*, DallasNews.com (Feb. 10, 2014), https://www.dallasnews.com/opinion/editorials/2010/02/01/editorial-we-recommend-holmes-in-363rd-primary/.

[9] Jim Malewitz, *John Creuzot Hasn't Sought a Death Penalty as Dallas County DA. His Opponent Says She Will*, Dallas Morning News (Sept. 21, 2022),

signatory on an open letter to President Biden, urging him to support legislation to end the federal death penalty and to commute the sentences of those on death row.[10] Similarly, in early 2022, Creuzot signed a "Joint Statement From Elected Prosecutors Pledging to Work Towards the Elimination of the Death Penalty."[11] "On the death penalty criticism, [Creuzot has] said an automatic life sentence is a more efficient and cost-effective way to hold people accountable."[12] Knowing Creuzot's public opposition to the death penalty, Dallas County voters reelected Creuzot in 2022. The support for Creuzot in Dallas County

https://www.dallasnews.com/news/crime/2022/09/21/john-creuzot-hasnt-sought-a-death-penalty-as-dallas-county-da-his-opponent-says-she-will/. However, a recent article (published after Johnson filed his Complaint in the district court), indicates that Mr. Creuzot is considering seeking the death penalty at Randy Halprin's retrial.

[10] Fair and Just Prosecution, *Joint Letter from Elected Prosecutors Pledging to Work Towards the Elimination of the Death Penalty* (Jan. 2021), https://fairandjustprosecution.org/wp-content/uploads/2021/01/FJP-Biden-Death-Penalty-Joint-Letter.pdf.

[11] Fair and Just Prosecution, *Joint Statement from Elected Prosecutors Pledging to Work Towards the Elimination of the Death Penalty* (Feb. 2022), https://fairandjustprosecution.org/wp-content/uploads/2022/02/FJP-Death-Penalty-Joint-Statement-2022.pdf.

[12] CBS News, *John Creuzot Wins Dallas County District Attorney* (Nov. 9, 2022), https://www.cbsnews.com/texas/news/john-creuzot-wins-dallas-county-district-attorney/.

reflects, at least in part, the county's evolving view of the death penalty, and appears to show a growing disapproval of its use.[13]

Creuzot's stance has seemingly had a significant impact on executions in Dallas County, influencing not only the decisions but also the action in death penalty cases coming from his office. Apparently in response to Creuzot's decision to not swiftly seek executions, the AG's Office began its practice of filing letters related to an execution being scheduled, a practice which, again, the AG's Office followed only in Dallas County.

Johnson has not been treated like others similarly situated in Dallas County—those who have been sentenced to death and exhausted their federal habeas appeals, such that the State could, or still can, proceed with the execution. In those other cases, no date was set in a manner that did not comply with Article 43.141 and Section 44.157. Although all of these defendants were or are similarly situated to Johnson, in none of these cases has an execution order been based on an

---

[13] Death Penalty Information Center, *Poll: Three-Quarters of Dallas Voters Say They Prefer Life Alternatives to Capital Punishment* (Mar. 21, 2023), https://deathpenaltyinfo.org/poll-three-quarters-of-dallas-voters-say-they-prefer-life-alternatives-to-capital-punishment.

improper request by an attorney not authorized to represent the State's interest in the proceeding.

## VII.  Conclusion

Matthew Lee Johnson prays that the Court provide relief as follows:

1. Hold that the district court erred in finding that Johnson has demonstrated he is likely to prevail on the merits of his due process and equal protection claims;

2. Stay his execution currently set for May 20, 2025;

3. Hold that because Johnson was entitled to a stay, the district court erred in dismissing his Complaint with prejudice; and

4. Remand this case to the district court for further proceedings.

Respectfully submitted,

/s/ David R. Dow

_____

David R. Dow
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (832) 842-4671
Email ddow@central.uh.edu

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry
Texas Bar No. 24060966
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-6843
Fax (832) 842-4671
Email jrnewber@central.uh.edu

## Certificates of Service and
## Compliance with ECF Filing Standards

I certify that on May 16, 2025, this Brief was served, via the Court's CM/ECF Document Filing System upon the following registered CM/ECF user:

Stephen Hoffman
Office of the Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
Stephen.Hoffman@oag.texas.gov

Counsel further certifies that (1) required privacy redactions have been made in compliance with Fifth Circuit Rule 25.2.13; (2) the electronic submission is an exact copy of the paper document in compliance with Fifth Circuit Rule 25.2.1; and (3) the document has been scanned with the most recent version of a commercial virus-scanning program and is free of viruses.

/s/ Jeffrey R. Newberry

_____
Jeffrey R. Newberry

## Certificate of Compliance with Rule 32(a)

1.      This Brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains 5,364 words.

2.      This Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word for Mac Version 16.97 in 14 point Century Schoolbook font and 12 point Century Schoolbook font for footnotes.

/s/ Jeffrey R. Newberry

_____

Jeffrey R. Newberry