No. 25-70009

_____

**IN THE
UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**MATTHEW LEE JOHNSON,**
Plaintiff-Appellant

v.

**BRYAN COLLIER, et al.,**
Defendants-Appellees

_____

On Appeal from the United States District Court
for the Southern District of Texas, Houston Division
Civ. No. 4:25-cv-02066

_____

**STATEMENT OF DAVID R. DOW
PURSUANT TO FIFTH CIRCUIT RULE 8.01**

_____

In accordance with Fifth Circuit Rule 8.10, I am providing this Court
with an explanation of why I filed an appeal, requesting this Court find the
district court erred in denying Matthew Lee Johnson's motion for stay of
execution and requesting this Court to stay his execution on Friday, May 16,
when Johnson was then and is now scheduled to be executed on Tuesday,
May 20.

On January 20, 2025, the trial court entered its order scheduling Johnson's execution for May 20. Counsel and the team working with him immediately began strategizing regarding the appropriate vehicle to use to give the state an opportunity to first address Plaintiff's claims. While consulting with other attorneys in early February, Counsel Newberry became aware of a procedure whereby we could seek to obtain communications both to and from the trial court. On March 10, 2025, Counsel filed this request seeking copies of relevant communications. As explained in Plaintiff-Appellant's Reply filed in this Court, Counsel believes it would have been improper for him to raise Plaintiff's claims in the state or federal court without first receiving a response to the request, because there is a possibility Counsel could have discovered communications which might render Plaintiff's claims moot.

While Counsel awaited the response, Counsel and his team continued working on the petition for a writ of mandamus they ultimately filed in the state court. On April 7, Counsel Newberry received some of the communications he had requested, which Counsel believes were sufficient to demonstrate the AG's intermeddling in this case was unlawful, and that the trial court's subsequently scheduling Johnson's execution pursuant to the AG's request was similarly unlawful.

Counsel filed a motion for leave to file Plaintiff's petition for writ of mandamus in the Texas Court of Criminal Appeals ("CCA") exactly one week later.

The CCA denied Johnson leave to file his petition for writ of mandamus on April 28. Around a week later, on May 7, Counsel filed Johnson's complaint in the district court.

Johnson's complaint remained pending in the district court on May 13 (which was seven days before Johnson's scheduled execution). On that day, Counsel Newberry emailed this Court's Capital Case Clerk, to inform her that Counsel might appeal any order from the district court denying Johnson's motion for stay of execution to this Court. *See* Exhibit 1.

The following day, May 14, around 9:00 pm, the district court entered its order denying Johnson's motion for stay of execution and dismissing his complaint with prejudice. A half hour after receiving the district court's judgment, Counsel Newberry notified this Court's clerk that he and I intended to appeal the district court's opinion and judgment to this Court. *See* Exhibit 2.

The following morning, this Court, through its Capital Case Clerk, issued a briefing schedule. *See* Exhibit 3. Pursuant to the schedule, Counsel was required to file Johnson's Brief by noon on May 16. Counsel filed

Johnson's brief shortly before noon on May 16. Pursuant to the briefing schedule, Counsel was required to file Johnson's Reply by 2:00 pm today, May 18. Counsel filed Johnson's Reply shortly before 2:00 pm today.

While working diligently to prepare and file Johnson's Brief by noon on May 16, Counsel neglected to include a Rule 8.10 statement with Johnson's Brief. While Counsel is filing this Statement two days later than he should have, he hopes this Court will find his team's communications with this Court's Clerk's Office made on May 13 and 14 indicate Counsel's failure to include a statement with Johnson's Brief on May 16 was inadvertent.

Respectfully submitted,

/s/ David R. Dow
_____
Jeffrey R. Newberry
Texas Bar No. 06064900
University of Houston Law Center
4170 Martin Luther King Blvd.
Houston, Texas 77204-6060
Tel. (713) 743-2171
Fax (832) 842-4671



Exhibit 1

**From:** **Newberry, Jeff** jrnewber@central.uh.edu 📎 
**Subject:** Matthew Lee Johnson - No. 4:25-cv-02066
**Date:** May 13, 2025 at 3:09 PM
**To:** mary_yeager@ca5.uscourts.gov

Ms. Yeager,

I hope you are well. With David R. Dow, I represent Matthew Johnson, who is scheduled to be executed seven days from today. Mr. Dow and I received on May 9, signed by you, reminding us about Rule 8.10. As you likely already know, we have a 1983 suit currently pending in the southern district for Mr. Johnson, which we filed on May 7, along with a motion for stay of execution, also filed on May 7. If Mr. Johnson is denied relief in the district court, depending on how we lose, we anticipate we will likely come to your court. Of course, unless there is something from Judge Bennett today, if we wait until the we get an order from the district court, we will be inside of 7 days.

Is there anything we should file today, given the possibility that we will decide we need to appeal whatever decision we get from Judge Bennett to your court?

Thank you,
Jeff Newberry


Jeffrey R. Newberry
Legal Clinic Supervisor - Death Penalty &
Criminal Appeals Clinic



4170 Martin Luther King Blvd.
Houston, TX 77204-6060
Phone: 713-743-6843
Fax: 832-842-4671
Email: jrnewber@central.uh.edu

Exhibit 2

**From:** **Newberry, Jeff** jrnewber@Central.UH.EDU
**Subject:** Re: Matthew Johnson - 4:25-cv-02066
**Date:** May 14, 2025 at 9:24 PM
**To:** Casey Sullivan Casey_Sullivan@ca5.uscourts.gov
**Cc:** Christina Gardner Christina_Gardner@ca5.uscourts.gov, Mary Yeager Mary_Yeager@ca5.uscourts.gov, Dantrell Johnson Dantrell_Johnson@ca5.uscourts.gov, David R Dow DDow@Central.UH.edu



We lost in the district court about a half hour ago. We do intend to appeal the decision to your court. We'll get something filed no later than Friday morning, but possibly as early as tomorrow night.

Thank you,
Jeff Newberry

Jeffrey R. Newberry
Legal Clinic Supervisor - Death Penalty &
Criminal Appeals Clinic


The Texas Innocence Network
University of Houston
Law Center

4170 Martin Luther King Blvd.
Houston, TX 77204-6060
Phone: 713-743-6843
Fax: 832-842-4671
Email: jrnewber@central.uh.edu

On May 13, 2025, at 3:35 PM, Casey Sullivan <Casey_Sullivan@ca5.uscourts.gov> wrote:

Thank you for letting us know.

Very Respectfully,

Casey A. Sullivan
Office of the Clerk
U.S. Court of Appeals, 5th Circuit
504-310-7642

-----Original Message-----
From: Newberry, Jeff <jrnewber@Central.UH.EDU>
Sent: Tuesday, May 13, 2025 3:33 PM
To: Casey Sullivan <Casey_Sullivan@ca5.uscourts.gov>
Cc: Christina Gardner <Christina_Gardner@ca5.uscourts.gov>; Mary Yeager <Mary_Yeager@ca5.uscourts.gov>; Dantrell Johnson <Dantrell_Johnson@ca5.uscourts.gov>; Dow, David R <DDow@Central.UH.edu>
Subject: Re: Matthew Johnson - 4:25-cv-02066

CAUTION - EXTERNAL:

CAUTION - EXTERNAL EMAIL: This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.



Exhibit 3

**From: Mary Yeager** Mary_Yeager@ca5.uscourts.gov
**Subject:** Re: Matthew Johnson 4:25-CV-2066
**Date:** May 15, 2025 at 9:52 AM
**To:** Newberry, Jeff jrnewber@Central.UH.EDU, Dow, David R ddow@central.uh.edu, Stephen.Hoffman@oag.texas.gov
stephen.hoffman@oag.texas.gov
**Cc:** CA05ml_DeathPenalty ca05ml_deathpenalty@ca5.uscourts.gov



Dear Counsel,

If Mr. Johnson chooses to file an appeal,  please be informed of the following briefing schedule:  the appeal and opening brief must be filed by Friday, May 16, at 12:00 p.m. noon.
If an appeal is filed, any response is due on Saturday, May 17, at 2:00 p.m.  Any reply is due on Sunday, May 18, at 2:00 p.m.

Mary Frances Yeager
Capital Case Clerk
504.310.7686